**CITY OF KIRKWOOD,**
**Plaintiff/Appellant,**

v.

**UNION ELECTRIC COMPANY,**
**Defendant/Respondent.**

No. 65413.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1995.

Application to Transfer Denied
May 30, 1995.

Robert B. Hoemeke, John M. Hessel, Elizabeth W. Lane, Lewis, Rice & Fingersh, St. Louis, for appellant.

James J. Virtel, Armstrong, Teasdale, Schlafly & Davis, Debra H. Janoski, Associate Gen. Counsel, Union Elec. Co., St. Louis, for respondent.

SMITH, Presiding Judge.

The City of Kirkwood brought this action to condemn Union Electric's electric distribution facility serving certain Kirkwood residents. The trial court dismissed without prejudice on the basis that jurisdiction was in the Public Service Commission. Kirkwood appealed to this court and subsequently sought transfer before opinion to the Supreme Court because of the pendency there of *State ex rel. Missouri Cities Water Company v. Hodge,* 878 S.W.2d 819 (Mo.banc

1994). The Supreme Court granted transfer and then following the opinion in *Missouri Cities Water* retransferred to this court for examination in light of that case. For different reasons we affirm the trial court.

Kirkwood is a constitutional charter city. Since about 1900 it has owned and operated an electrical utility serving approximately two thirds of its residents. Union Electric serves the remainder. Union Electric also serves a very large number of customers outside the Kirkwood city limits throughout the St. Louis area. In May 1993, the Kirkwood city council approved an ordinance which declared the acquisition of Union Electric's electric distribution system a public use and necessity and authorized condemnation of the system. In August 1993, the city filed this condemnation action in St. Louis County Circuit Court.

In *Missouri Cities Water* the city of Mexico sought to condemn a waterworks system owned by Missouri Cities Water. The company alleged that the city was without authority to take private property already devoted to a public use and use the property in the same manner. The court found it unnecessary to determine whether property already devoted to a public use can constitutionally be condemned for that same use. It held that:

A municipality's condemnation of an entire public utility, already operating under a certificate of convenience and necessity, for the same use, is an extraordinary exercise of the power of eminent domain. We hold that it may only be exercised, if at all . . . upon the express and specific authorization of the legislature. For this purpose the words "condemnation" or "power of eminent domain", or their equivalents, must be used in connection with the public use property sought to be acquired, such as "waterworks", "electrical utilities", etc. We understand this to be the majority rule. . . . While the words "or otherwise" were sufficient in the **Riley** situation to acquire private property not held for public use, they are not sufficient here. (footnote omitted) [5–7].

Kirkwood contends that because it is a charter city Article VI, § 19(a) confers upon it the power to condemn Union Electric's facility. We find nothing in *Missouri Cities Water* case which draws a distinction between charter cities and any other cities in connection with the type of condemnation sought here. That case holds that the use of condemnation under the circumstances here is an "extraordinary exercise" of eminent domain and may be accomplished only by a specific and express grant of such power. It would appear to be an even more "extraordinary exercise" of eminent domain to allow a single municipality to condemn a portion of a utility which serves a very large number of customers outside the municipality's limits. The public interest in proper regulation of public utilities transcends municipal or county lines. *Union Electric v. City of Crestwood*, 499 S.W.2d 480 (Mo.1973) [1]. Article VI, § 19(a) is at best an implied grant of authority, not an express grant of such power. Kirkwood's status as a charter city does not exempt it from the requirements imposed by *Missouri Cities Water.*

Kirkwood also finds authority in §§ 91.600 and 91.210 RSMo 1994. Sec. 91.600 authorizes a city to construct, maintain and operate a waterworks and to acquire real estate and personal property for that purpose by purchase, donation or eminent domain. Sec. 91.210 applies the provisions of § 91.600 to electric light plants. Neither statute specifically and expressly states that the eminent domain power may be exercised to acquire an existing "waterworks" or "electrical utility" as required by *Missouri Cities Water.* An authority to acquire real estate and personal property generically is not express authority to acquire an operating electrical utility specifically. The cases relied upon by the court in *Missouri Cities Water* which allowed condemnation of an operating utility for the same use all involved express statutory language specifically identifying acquisition of the utility property. We can interpret *Missouri Cities Water* in no way other than to require similar specific authorization. The statutes relied upon by Kirkwood do not contain the authority to condemn Union Electric's electrical distribution system.

Our holding in this regard makes it unnecessary to address the effect of § 71.525

RSMo 1994 which became effective August 28, 1994, after Kirkwood filed its condemnation action.

Judgment dismissing Kirkwood's petition for condemnation is affirmed.

PUDLOWSKI and SIMON, JJ., concur.